Dear Mr. Stevenson:
This is in response to your request for an opinion as to the following question:
 1. At what rate of expense for mileage may the second class county judges be compensated or reimbursed?
It is our understanding that the Commissioner of Administration increased the automobile mileage allowance of state employees to 17 cents per mile pursuant to 1 CSR 10-11.010(12) (A). Thereafter, he notified the county courts by letter dated July 20, 1979, that the state mileage allowance had been raised to 17 cents per mile, allegedly pursuant to § 33.095, RSMo 1978.
This action created questions as to whether county mileage allowances had been raised. As we explain below, we believe this action did not change county mileage allowances. We do not know whether any intent to change county allowances existed.
Section 49.100, RSMo 1978, enacted in 1945 and amended in 1967, is specific and unambiguous. In pertinent part it provides:
 The judges of the county court in counties of the second class shall receive the sum of ten cents per mile for each mile actually and necessarily traveled in the performance of their official duties . . . .
Section 33.090, RSMo 1978, was originally passed in 1945 and was amended as late as 1977. It is therein provided:
 The commissioner of administration shall be empowered to promulgate rules and regulations governing the incurring and payment of reasonable and necessary travel and subsistence expenses actually incurred on behalf of the state. (Emphasis ours)
Section 33.095, RSMo 1978, enacted in 1969, is as follows:
 Other provisions of law notwithstanding, in every instance where an officer or employee of the state or any county, except first class counties with a charter form of government, is paid a mileage allowance or reimbursement, the allowance or reimbursement shall be computed at the rate of ten cents per mile unless a higher rate is specifically authorized by statute or order of the commissioner of administration. (Emphasis ours)
Prior to the enactment of § 33.095, it was clear that all county judges in counties of the second class were to be reimbursed in accordance with the provisions of § 49.100.
Our research has disclosed no order of the Commissioner of Administration whereby the 10 cent rate mandated by § 49.100 might be modified. Therefore, we conclude that the statutory mileage allowance in § 49.100 is applicable.
Section 33.090, by its own terms, clearly empowers the Commissioner of Administration to promulgate rules and regulations which establish mileage allowance with respect to expenses incurred on behalf of the state. On the other hand, mileage allowances applicable to officers or employees of the state or
certain counties may be increased by either statute or by order of the Commissioner under § 33.095. The Commissioner of Administration amended an existing regulation promulgated pursuant to § 33.090, but did not issue an order pursuant to § 33.095. Therefore, we conclude that the mileage reimbursement provisions of § 49.100 are applicable.
CONCLUSION
It is the opinion of this office that county judges in counties of the second class should be reimbursed at the rate of 10 cents per mile for each mile actually and necessarily traveled in the performance of their official duties pursuant to § 49.100, RSMo 1978.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General